IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| LUIS VAZQUEZ-ESCOBAR, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION FILE NO. |
| | ) | 1:10-CV-2185 |
| vs. | ) | |
| | ) | |
| GABLES RESIDENTIAL SERVICES, | ) | [From Fulton County State Court; |
| INC. d/b/a ALDERWOOD AT THE | ) | Civil Action File No. |
| LAKE APARTMENTS; JASMINE AT | ) | 10EV010298C] |
| THE LAKE, LLC d/b/a ALDERWOOD | ) | |
| AT THE LAKE APARTMENTS; | ) | |
| and LYON MANAGEMENT GROUP, | ) | |
| INC. d/b/a ALDERWOOD AT THE | ) | |
| LAKE APARTMENTS, | ) | |
| | ) | |
| Defendants. | ) | |

## PLAINTIFF'S INITIAL DISCLOSURES

COMES NOW Plaintiff Luis Vazquez-Escobar and, pursuant to Federal Rule of Civil Procedure 26, provide his initial disclosures as follows:

### FRCP 26 Disclosures

(1)   State precisely the classification of the cause of action being filed, a brief factual outline of the case including Plaintiff's contentions as to what Defendant did or failed to do, and a succinct statement of the legal issues in the case.

**Response:   Plaintiff's cause of action results from an October 19, 2009 attack and stabbing at the Alderwood At The Lake Apartments.  Defendants**

subjects of the information. (Attach witness list to Initial Disclosures as Attachment A.)

**Response:   See Attachment A.  Plaintiff's disclosures are made to inform of Plaintiff's current intentions concerning trial.  Trial preparations and investigation will continue until the time of trial.  If more information is received, Plaintiff reserves the right to make amendments resulting in additional disclosed witnesses.**

(4)   Provide the name of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence.  For all experts described in Fed.R.Civ.P. 26(a)(2)(B), provide a separate written report satisfying the provisions of that rule.  (Attach expert witness list and written reports to Initial Disclosures as Attachment B.)

**Response:   See Attachment B.  None at this time.  Plaintiff reserves the right to disclose any expert witness in accordance with the Federal Rules of Civil Procedure.  Plaintiff has not presently retained or specially employed any witness to provide expert testimony in this case, but reserves the right to do so. Plaintiff identifies his position set forth in the medical records and in Attachment "B" as persons who qualify as experts regarding the cause, effect and treatment of the injuries and damages sustained by Plaintiff resulting from the incident at issue.  Plaintiff is not required to present a Rule 26 report**

failed to maintain the premises in a safe condition, including, but not limited to, failure to provide adequate security, failure to warn tenants, including Plaintiff, of hazards and dangers which Defendants knew or should have known existed at the time of the incident at issue. As a direct and proximate result of Defendants' negligence, Plaintiff suffered numerous injuries and damages including medical bills and lost wages. Plaintiff seeks all damages including all special, compensatory, general, incidental, punitive and consequential damages and expenses associated with Plaintiff's injuries and damages in an amount which will be proven at the time of trial. Legal issues in this matter involve Defendants' negligence including duty and breach of duty, proximate cause and damages.

(2)  Describe in detail all statutes, codes, regulations, legal principles, standards and customs or usages, and illustrative case law which Plaintiff contends are applicable to this action.

**Response:** Plaintiff relies upon O.C.G.A. § 51-3-1, General Rules of Common Law Negligence, as it relates to maintaining the premises in a safe condition as well as negligent security.

(3)  Provide the name and, if known, the address and telephone number of each individual likely to have discoverable information that you may use to support your claims or defenses, unless solely for impeachment, identifying the

as it relates to treating physicians. To the extent the Court requires a Rule 26 report for treating physicians, Plaintiff requests an opportunity to provide same to the Court.

(5)  Provide a copy of, or a description by category and location of, all documents, data compilations, and tangible things in your possession, custody, or control that you may use to support your claims or defenses unless solely for impeachment, identifying the subjects of the information. (Attach document list and descriptions to Initial Disclosures as Attachment C.)

**Response:  See Attachment C. Plaintiff continues to gather documents during discovery and will identify all relevant documents in a timely fashion.**

(6)  In the space provided below, provide a computation of any category of damages claimed by you. In addition, include a copy of, or describe by category and location of, the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered, making such documents or evidentiary material available for inspection and copying as under Fed.R.Civ.P. 34. (Attach any copies and descriptions to Initial Disclosures as Attachment D.)

**Response:  See Attachment D. Plaintiff continues to gather information regarding Plaintiff's lost wages and medical treatment and will supplement accordingly.**

(7)  Attach for inspection and copying as under Fed.R.Civ.P. 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments made to satisfy the judgment. (Attach cop of insurance agreement to Initial Disclosures as Attachment E.)

**Response: None known to Plaintiff at this time.**

(8)  Disclose the full name, address, and telephone number of all persons or legal entities who have a subrogation interest in the cause of action set forth in Plaintiff's cause of action and state the basis and extent of such interest.

**Response: None known to Plaintiff at this time.**

Respectfully submitted this 18th day of August, 2010.

                                                  **JAMES A. RICE, JR., P.C.**

                                                  /s/ James A. Rice, Jr.
                                                  James A. Rice, Jr.
                                                  Georgia State Bar No. 602811
                                                  Attorney for Plaintiff

563 Spring Street, NW
Atlanta, GA  30308
404-255-4448
404-842-7710 (fax)
Email: jim@ricefirm.com

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| LUIS VAZQUEZ-ESCOBAR, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION FILE NO. |
| | ) | 1:10-CV-2185 |
| vs. | ) | |
| | ) | |
| GABLES RESIDENTIAL SERVICES, | ) | [From Fulton County State Court; |
| INC. d/b/a ALDERWOOD AT THE | ) | Civil Action File No. |
| LAKE APARTMENTS; JASMINE AT | ) | 10EV010298C] |
| THE LAKE, LLC d/b/a ALDERWOOD | ) | |
| AT THE LAKE APARTMENTS; | ) | |
| and LYON MANAGEMENT GROUP, | ) | |
| INC. d/b/a ALDERWOOD AT THE | ) | |
| LAKE APARTMENTS, | ) | |
| | ) | |
| Defendants. | ) | |

## CERTIFICATE OF SERVICE

This is to certify that I have this day served **PLAINTIFF'S INITIAL DISCLOSURES** upon all counsel of record by depositing same in the United States Mail, postage prepaid, properly addressed as follows:

Matthew G. Moffett
W. Jason Pettus
Gray, Rust, St. Amand, Moffett & Brieske, L.L.P.
1700 Atlanta Plaza
950 East Paces Ferry Road
Atlanta, GA  30326

Respectfully submitted this 18th day of August, 2010.

**JAMES A. RICE, JR., P.C.**

/s/ James A. Rice, Jr.
James A. Rice, Jr.
Georgia State Bar No. 602811
Attorney for Plaintiff

563 Spring Street, NW
Atlanta, GA  30308
404-255-4448
404-842-7710 (fax)
Email: jim@ricefirm.com

## **ATTACHMENT A**

Witness:

    Luis Vazquez-Escobar
    c/o Attorney James A. Rice, Jr.
    563 Spring Street, NW
    Atlanta, GA  30308

        Mr. Vazquez-Escobar has knowledge regarding the incident.

    Silvano Solis-Sanchez
    3230 Sunrise Village Lane #E
    Norcross, GA  30093

        Mr. Solis-Sanchez is listed as a person with knowledge of the incident on the police report.

    Arcenio Perez
    3230 Sunrise Village Lane #E
    Norcross, GA  30093

        Mr. Perez is listed as a person with knowledge of the incident on the police report.

    Carlos Vasquez
    3230 Sunrise Village Lane #B
    Norcross, GA  30093

        Mr. Vasquez is listed as a person with knowledge of the incident on the police report.

    Officer B.M. Boyd

        Officer Boyd investigated the incident and is believed to have knowledge as to the incident, how it occurred, and the crime conditions in the general vicinity.

Defendant Gables Residential Services, Inc.

> Defendant Gables is believed to have knowledge regarding the condition of the premises at the time of the incident, and may have knowledge regarding the incident itself.

Defendant Jasmine At The Lake, LLC

> Defendant Jasmine is believed to have knowledge regarding the condition of the premises at the time of the incident, and may have knowledge regarding the incident itself.

Dr. Romeo Massoud
c/o Gwinnett Medical Center
P.O. Box 1170
Lawrenceville, GA  30046

> Dr. Massoud performed surgery following diagnosis of multiple stab wounds to the face, right ear, chest, abdomen, and upper extremities as well as left pneumothorax and peritonitis.

Dr. Stephen Hodes
c/o Gwinnett Medical Center
P.O. Box 1170
Lawrenceville, GA  30046

> Dr. Hodes provided initial treatment to Plaintiff in the Gwinnett Medical Center on the date of the stabbing.

Any and all individuals listed by Defendants in their initial disclosures.

## **ATTACHMENT B**

Not applicable at this time.

# ATTACHMENT C

- Plaintiff's medical records and bills
- Any incident report produced by Defendants
- Medical bills and one-page summary of same
- Medical records admissible under Rules of Evidence
- 1949 Mortality Table
- Photographs of the area at issue
- Photographs of any of Plaintiff's damages
- All exhibits to any deposition
- All training materials produced by Defendants
- All logs or other documents produced by Defendants regarding inspection
- All crime reports prior to the incident which are relevant to the incident at issue
- All pleadings in this matter
- Any document produced by Defendants or listed in Defendants' Initial Disclosures

Case 1:10-cv-02185-TWT   Document 12   Filed 08/18/10   Page 12 of 12

## ATTACHMENT D

| | |
|---|---|
| Gwinnett Medical Center Physicians Group | $  8,635.00 |
| Gwinnett Medical Center | $ 66,639.00 |
| Lost Wages (Plaintiff will supplement) | $ |